THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILBUR HILL, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Suffolk County, entered December 4, 1970, which denied the application after a hearing. Order reversed, on the law and the facts, and application granted to the extent of directing that defendant shall be resentenced, *nunc pro tunc* as of the date of the original sentence. Defendant was granted a hearing on his claims that he was deprived of his right to appeal from his 1950 conviction by the failure of assigned counsel and the trial court to advise him of the right and that he was ignorant that he had such right. At the hearing his counsel stated that he had not advised appellant of this right, that he only saw appellant after the imposition of sentence to say "goodbye" and that appellant was immediately transferred upstate. Counsel also did not recall that the trial court had advised appellant of this right and stated that in those days he never heard a court advise a defendant of such right. Appellant testified that he never spoke to anyone about the right of appeal until after the 30-day period for filing a notice of appeal had expired and that he was personally unaware of this right during that time. None of this testimony was contradicted at the hearing. The court below denied relief, however, on the ground that appellant's alleged ignorance was incredible. The primary basis for this conclusion was a statement in the 1950 probation report that appellant had said to the probation officer that he hoped that "someday he may get another hearing in a higher court" and that "he can have a new trial someday." Omitted from the opinion below was appellant's further statement, shown in the probation report, that he was "resigned" to spending the next 13 years in prison. The court also relied on appellant's prior criminal record, apparently as support for the inference that as a result of that record appellant knew of the right to appeal. In our opinion, the foregoing did not overcome the positive testimony of appellant and his counsel that appellant was not advised of the right to appeal. Accordingly, appellant is entitled to be resentenced *nunc pro tunc* so that he may have 30 days in which to serve and file a notice of appeal. Rabin, P. J., Hopkins, Munder, Latham and Gulotta, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE JOHNSON, Appellant.— Appeal by defendant from a judgment of the County Court, Rockland County, rendered December 1, 1970, convicting him of robbery in the second degree and other related crimes, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact below are affirmed. The introduction of inadmissible testimony, throughout the trial, respecting the commission of other crimes by appellant, was not cured by its elision by the trial court after both sides rested, or by the reiteration, in the charge to the jury, that testimony stricken from the record was not to be considered by the jury. While well-intentioned, the court's discussions with the jury only further tended to emphasize and indelibly impress on the minds of the jurors that appellant was guilty of other crimes. Martuscello, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.